

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKY ALLEN LEE and PAUL VERNON RIGSBY, individually and on behalf of all others similarly situated, | No. 12-35372 |
| Plaintiffs - Appellees, | D.C. No. 2:10-cv-00618-JCC |
| v. | MEMORANDUM[*] |
| ITT CORPORATION, an Indiana corporation and ITT FEDERAL SERVICES INTERNATIONAL CORPORATION, a Delaware corporation, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted July 8, 2013
Seattle, Washington

Before: KLEINFELD, M. SMITH, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Lee and Rigsby worked for ITT Corporation in Kuwait. They sued ITT for allegedly failing to pay them overtime and failing to perform other requirements under their employment contracts. ITT appeals the district court's order certifying a class of "[a]ll employees of Defendant ITT Corporation or its subsidiaries who performed work under the 'GMASS' contract in Kuwait."

The district court correctly held that Kuwait's substantive law governs these claims, but erred in applying Washington's six-year statute of limitations. "Except as provided by RCW 4.18.040, if a claim is substantively based . . . [u]pon the law of one other state, the limitation period of that state applies . . . ." Rev. Code Wash. § 4.18.020. The district court erred by applying subsection 040, the "escape clause," which says, "[i]f the court determines that the limitation period of another state applicable under RCW 4.18.020 . . . is substantially different from the limitation period of this state and *has not afforded a fair opportunity to sue upon* . . . the claim, the limitation period of this state applies." Rev. Code Wash. § 4.18.040 (emphasis added).

The Kuwait statute appears to be a statute of repose, for which the escape clause is not available, Fields v. Legacy Health Sys., 413 F.3d 943, 954 (9th Cir. 2005), and even if it were not, we cannot see a basis for deeming it unfair, see Hein v. Taco Bell, Inc., 803 P.2d 329, 334 (Wash. Ct. App. 1991).  As for the unnamed class members, one year after the employment contract ends does not deprive them of a fair opportunity to sue.  The laws of several states would provide no more time, and sometimes less, in comparable circumstances of inconvenience.  See, e.g., Ariz. Rev. Stat. § 12-541 (one year after accrual); Del. Code Ann. tit. 10, § 8111 (one year after accrual).  Nothing in the record shows that any of the unnamed plaintiffs could not pursue their claims within one year of the contract's end because of the hardships associated with living and working in Kuwait.  To the contrary, the record shows that some unnamed class members knew about their claims while they were in Kuwait, before their contracts ended: "I am aware that other employees of ITT were not paid overtime in accordance with Kuwaiti law, because this issue was the subject of frequent discussion among ITT employees," and Lee and Rigsby appear to have sued within one year as required under Kuwait's law.

Because we cannot discern from the record how many class members would be affected by applying the Kuwaiti statute, we vacate the order certifying the class.

**REVERSED** and **REMANDED.**